**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **WENLONG YANG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1498-D** |
| | ) | |
| **ROBERT CERNA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Wenlong Yang, a noncitizen,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Timothy D. DeGiusti referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 3. The Government responded, Doc. 7, and Petitioner replied, Doc. 8, so the matter is at issue.

For the reasons below, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1.

## I. Factual background and Petitioner's claims.

1 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

2 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Petitioner is a citizen of China who entered the United States on or about March 3, 2015. Doc. 10, Ex. 1, at 2. Petitioner entered the country under a B-2 tourist visa. *Id.* This visa expired on September 2, 2015. Doc. 7, at 2 & Ex. 2. Petitioner applied for asylum on October 19, 2015, claiming that he faced religious persecution in China. *Id.* at 3; Doc. 10, Ex. 1, at 5. For the next ten years, Petitioner remained in the United States and worked in several restaurants as a chef. Doc. 10, Ex. 1, at 4.

On May 29, 2025, the government commenced removal proceedings against Petitioner by filing a Notice to Appear (NTA). Doc. 7, at 2 & Ex. 1, at 1. Petitioner claims that he was granted parole until 2028. Doc. 1, at 7.

On October 14, 2025, Petitioner was detained by ICE. Doc. 7, at 2. The next day, ICE served Petitioner with a warrant. *Id.* & Ex. 3. Petitioner received a custody redetermination hearing on February 2, 2026, after almost four months in detention. Doc. 7, at 3 & Ex. 4. At the custody redetermination hearing, the IJ determined that Petitioner was a flight risk and denied bond. *Id.* On May 15, 2026, an Immigration Judge (IJ) denied Petitioner's asylum application and filed an order of removal. Doc. 7, at 3 & Ex. 5. Petitioner appealed the denial on June 9, 2026, and it remains pending. Doc. 7, at 3 & Ex. 6. Petitioner remains in detention at the Cimarron Correctional Facility in Cushing, Oklahoma. Doc. 1, at 1.

Petitioner presents four claims for relief: (1) he was unlawfully arrested and detained without a warrant; (2) he was detained without notice or a meaningful opportunity to respond; (3) his bond hearing was unreasonably delayed, in violation of the Fifth Amendment due process clause; and (4) his arrest and detention violated immigration regulations. *Id.* at 7-8.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. The Court cannot encroach upon an IJ's discretionary weighing of the evidence.

In determining whether a noncitizen is a flight risk, the IJ may consider the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's

> family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).

When a noncitizen like Petitioner is detained under § 1226(a) "the Attorney General may exercise his discretion to either detain or release an alien on bond or conditional parole." *Mwangi v. Terry*, 465 F. App'x 784, 786 (10th Cir. 2012). "But the Attorney General's exercise of discretion is not subject to judicial review." *Id.* "In the context of an immigration bond hearing, district courts have jurisdiction to review [an IJ's] discretionary bond denial only 'where that bond denial is challenged as legally erroneous or unconstitutional.'" *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 675 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar,* 362 F. Supp. 3d 762 (N.D. Cal. 2019)). "To be sure, '[d]ue process is not satisfied by rubberstamp denials [of bond].'" *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (quoting *Chi Thon Ngo v. I.N.S.,* 192 F.3d 390, 398 (3d Cir. 1999)). But "a district court sitting in habeas . . . review[ing] due process challenges to immigration bond hearings must proceed carefully, as it 'has no

authority to encroach upon an IJ's discretionary weighing of the evidence.'" *Diaz-Calderon,* 535 F. Supp. 3d at 675 (quoting *Arrellano v. Sessions,* 2019 WL 3387210, at *7 (W.D.N.Y. 2019)).

Petitioner received a custody redetermination hearing, in which he was represented by counsel. The IJ noted Petitioner's lack of family ties to the U.S. and "limited history of employment." Doc. 12, Ex. 1, at 10. The IJ, based on those factors, denied Petitioner's request for bond, determining he was a flight risk. *Id.* at 9. Although these findings may appear rote, the undersigned concludes the hearing comported with due process. Petitioner reserved his right to appeal that decision to the Board of Immigration Appeals (BIA) and that appeal remains pending. *See* 8 C.F.R. § 1003.19(f); 8 C.F.R. § 1236.1(d)(3). Given the IJ's finding that Petitioner was a flight risk, the undersigned recommends the Court deny Petitioner habeas relief as he has not been deprived of an individualized custody determination.

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **deny** Petitioner's petition for a writ of habeas corpus, Doc. 1.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 7, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure

72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 24th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE